Argued October 3, 1977, reversed and remanded January 24, petition for rehearing denied February 21, 1978.

MAHANA et ux, *Respondents,*

*v.*

MILLER, *Appellant.*

(TC 30857, SC 25002)

573 P2d 1238

Robert M. Gordon of Gordon and Barker, Corvallis, argued the cause and filed the briefs for appellant.

James Eickelberg, Corvallis, argued the cause and filed a brief for respondents.

LINDE, J.

[ 77 ]

**LINDE, J.**

ORS 701.055 requires anyone in business as a builder to register with the Builders Board, an agency within the State Department of Commerce. As originally enacted in 1971, the statute denied a builder the right to maintain an action for compensation for work done or for breach of a building contract unless he was registered "at the time he bid or entered into a contract for the performance of such work." Or Laws 1971, ch 740, § 8. It was amended in 1975 to deny such remedies only if the builder was not registered "at the time he filed the lien or commenced the suit or action." ORS 701.065(1).[1] The issue is which rule applies when a contract was made and terminated before the effective date of the 1975 amendment, which was September 13, 1975, but the claim was litigated after that date.

The evidence in this case is not before us because appellant designated for the record on appeal only that part of the transcript containing the jury instructions requested, given, or denied by the trial court. However, it appears from the pleadings that in June 1975 defendant had entered a written agreement to do some construction work for plaintiffs, that the work was halted before completion, and that plaintiffs initiated an action for damages for breach of contract. Defendant filed a counterclaim for unpaid sums said to be due for materials and services, in which he alleged that he was duly licensed at the time of the commencement of the action. Plaintiffs did not deny this allegation, so we take it as conceded that defendant was licensed before that date.

The trial court read the jury the pre-1975 version of ORS 701.065, denying a builder any affirmative recovery unless he was registered at the time of the

---

[1] A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he filed the lien or commenced the suit or action.

contract, contrary to defendant's request for an instruction based on the amended law. The jury nevertheless returned a verdict for defendant on his counterclaim in the amount of $2,740. Upon plaintiffs' motion for a judgment notwithstanding the verdict or for a new trial, the court granted a new trial,[2] and defendant appeals.

In a memorandum opinion, the trial court stated the question before it to be "whether the 1975 amendment of ORS 701.065 operates retrospectively." It pointed to the fact that the original section could only operate prospectively, that is to say to contracts entered after its effective date, since previously there was no registration of builders, and it therefore concluded that the 1975 amendments were similarly to govern only subsequent transactions.

■ The court was right that generally statutes are not construed to operate retrospectively unless it appears that they were meant to do so. *See, e.g., Hall v. Northwest Outward Bound School, Inc.,* 280 Or 655, 572 P2d 1007 (1977); *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972). The opinion in *Joseph v. Lowery* recognized that this general rule has been applied to "substantive" rather than "procedural" or "remedial" statutes, though expressing doubt that the terms state a very precise or accurate distinction. 261 Or at 547. If we apply the distinction here, the change in the disqualification of unlicensed builders as complainants would appear to concern a "remedial" law, as defendant contends, even though not a "procedural" one. *Cf. Lane v. Brotherhood of L. E. & F.,* 157 Or 667, 73 P2d 1396 (1937) (attorney fees).

■ Perhaps another way to state the same point is that when a provision like ORS 701.065 specifically oper-

[2]Plaintiffs contend that the jury was apparently confused by other instructions which were error if plaintiffs' view of the issue under ORS 701.065 was correct.

The actual order prepared by plaintiffs and signed by the court literally purports to grant *defendant* a new trial, but we assume that this resulted from plaintiffs' position as cross-defendants to defendant's counterclaim.

ates upon the builder's rights when he seeks a remedy for a failed transaction, the application of the 1975 amendment to this 1976 action is not retroactive at all. It might be called retroactive or retrospective if one attributed to the original legislation a purpose to entitle the customers of unregistered builders to free construction services, rather than merely to enforce the registration requirement. But it appears from the text and the legislative history that the disqualification of unregistered builders was only an enforcement device, and that it was amended in 1975 precisely to permit a builder to avoid a forfeiture by registering before he filed his lien or suit. We see no reason to doubt that the legislature meant this change to apply to all cases in which such a remedy is sought after the effective date of the amendment.

Accordingly, it was error to grant plaintiffs a new trial based upon ORS 701.065 as it read prior to the 1975 amendment. The case is reversed and remanded with an instruction to reinstate the judgment based on the jury verdict.