Argued August 29, affirmed October 30, 1978

## EMPLOYMENT DIVISION, *Petitioner,*
### *v.*
## BECHTEL et al, *Respondents.*
## (No. 78-AB-128-A, CA 10576)

585 P2d 769

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

■ In this case, as well as in two companion cases,[1] the primary question is whether the 1977 amendment to ORS 657.215 is to be applied retroactively. We hold that it is not.

Claimant Bechtel admitted that she had been overpaid benefits for benefit weeks 41, 44 and 45 of 1976 and 12 and 13 of 1977. In October, 1977, an administrator's decision ordered repayment of any overpayment and disqualified claimant from receiving benefits for 26 otherwise compensable weeks pursuant to the recently-amended provisions of ORS 657.215. Claimant appealed, and the administrator's decision was affirmed by a referee's decision. Claimant appealed to the Employment Appeals Board (EAB) which, on January 30, 1978, affirmed the referee's decision in all respects except for that part disqualifying claimant for 26 *otherwise compensable* weeks. The EAB held that the former version of ORS 657.215 was applicable and that claimant's disqualification should be for a flat 26 weeks, with no additional requirement that claimant be otherwise compensable. From the EAB's decision the Employment Division brings this petition for judicial review.

ORS 657.215 provides,

"An individual is disqualified for benefits for a period not to exceed 26 weeks whenever the administrator finds that he has wilfully made a false statement or misrepresentation, or wilfully failed to report a material fact to obtain any benefits under this chapter. The length of such period of disqualification and the time when such period begins shall be determined by the administrator in his discretion, according to the circumstances in each case. *During each week of disqualification so imposed, an individual must meet all the eligibility requirements of this chapter. Any disqualification imposed under this section may be applied to any week claimed but remaining unpaid on the date of the disqualifying decision*

---

[1] *Emp Div v. Sooter,* 36 Or App 641, 585 P2d 768 (per curiam) (1978); *Emp Div v. Davis,* 36 Or App 837, 585 P2d 769 (1978).

*under this section but not to exceed three years from the date of the decision.* The administrator may cancel such disqualification wholly or in part as he deems proper and equitable." (Emphasis added.)

■ The emphasized portion was added by Oregon Laws 1977, ch 295, § 5. The effect of the amendment was to provide that a claimant who had made false statements to obtain unemployment benefits may be precluded from obtaining such benefits for up to 26 *compensable* weeks. That is, during each week of disqualification the claimant must meet all eligibility requirements. Previously, the disqualification encompassed a flat length of time—26 weeks—but the claimant could have worked or have been unable to work during that period.

Much of the briefing by the parties in these cases has been devoted to the question of whether the 1977 amendment was "procedural or remedial" on the one hand or "substantive" on the other. While certain language in decisions of the Supreme Court has suggested that these words are somehow talismanic, more recent pronouncements indicate that they are no substitute for the correct analysis, to wit: what did the legislature intend? As the Supreme Court has said,

"[T]his Court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be 'procedural or remedial' or 'substantive' in a strictly technical sense. The labels were applied [in earlier cases] after the Court decided whether it thought a new statute affected legal rights and obligations out of past action." *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972).

Stated more generally,

"* * * statutes are not construed to operate retrospectively unless it appears that they were meant to do so. *See, e.g., Hall v. Northwest Outward Bound School, Inc.,* 280 Or 655, 572 P2d 1007 (1977); *Joseph v. Lowery, [supra]." Mahana v. Miller,* 281 Or 77, 80, 573 P2d 1238 (1978).

Here, there is no evidence that the legislature intended retroactive application. In view of the fact that giving the amendment such application might disqualify, *i.e.,* alter the legal rights of, claimants who would have been eligible for benefits under the older scheme, we think it inappropriate in the absence of a legislative direction to give retrospective application here. *See Mahana v. Miller, supra; Joseph v. Lowery, supra; see also Perkins v. Willamette Industries,* 273 Or 566, 542 P2d 473 (1975). *Accord, Coos-Curry Elec. v. Curry County,* 26 Or App 645, 554 P2d 601 (1976).

Affirmed.