Argued August 29, affirmed October 30, 1978

EMPLOYMENT DIVISION,
*Petitioner—Cross Respondent,*
*v.*
DAVIS et al, *Respondents—Cross Petitioners.*
(No. 78-AB-261, CA 10574)

585 P2d 769

Judicial Review from Employment Division.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for petitioner—cross-respondent. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Roberta J. Lindberg, Eugene, argued the cause and filed the briefs for respondents—cross-petitioner. No appearance for respondent.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Petitioner Employment Division seeks judicial review of a determination by the Employment Appeals Board that the extent of claimant Davis' disqualification from unemployment benefits is governed by the provisions of ORS 657.215 prior to its amendment by Oregon Laws 1977, § 5 of ch 295. We have ruled contrary to petitioner's position in *Emp. Div. v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978).

Claimant cross-petitions for judicial review, arguing that there was no substantial evidence that claimant wilfully made false statements to secure unemployment compensation benefits and that imposition of a penalty under former ORS 657.215[1] was inappropriate. Claimant also argues that there was no substantial evidence supporting application of the benefit recovery rules of ORS 657.310—which relate to misrepresentation in obtaining unemployment benefits— to claimant.

Both of claimant's contentions are evidentiary. A review of the evidence would benefit neither bench nor bar. Suffice it so say that we have reviewed the portions of the transcript to which we have been directed by the parties and find ample evidence to support both determinations challenged by claimant. *See Erickson v. Employment Div.,* 29 Or App 893, 565 P2d 1181 (1977).

Affirmed.

---

[1] ORS 657.215 provided:

"An individual is disqualified for benefits for a period not to exceed 26 weeks whenever the administrator finds that he has wilfully made a false statement or misrepresentation, or wilfully failed to report a material fact to obtain any benefits under this chapter. The length of such period of disqualification and the time when such period begins shall be determined by the administrator in his discretion, according to the circumstances in each case. * * * The administrator may cancel such disqualification wholly or in part as he deems proper and equitable."