Argued and submitted May 11, affirmed June 29, 1981

KOLODEJCHUK,
*Appellant,*

*v.*

LUCIER et al,
*Respondents.*

(No. 79-448-L-1, CA 19670)

630 P2d 889

Donald M. Pinnock and David, Ainsworth, Pinnock & Davis, P. C., Ashland, filed the brief for appellant.

Ervin B. Hogan, Medford, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

**GILLETTE, P. J.**

## GILLETTE, P. J.

Plaintiff appeals from an order of the trial court dismissing his complaint for failure to state a cause of action. Plaintiff, a builder, seeks to recover compensation for labor and materials expended in improving the defendant's residence. The trial court dismissed plaintiff's action, because he was not registered with the Builders Board at the time he entered into the contract to perform the work for the defendant. The sole issue raised on this appeal is whether prior registration with the Builders Board, which under a 1979 enactment is a prerequisite to the maintenance of an action for compensation, applies to a plaintiff who entered into the building contract, performed the work and filed his complaint before the 1979 law became effective. We conclude that the new statute applies and therefore affirm.

In 1971, the Oregon legislature enacted legislation regulating builders.[1] The law enacted at that time provided, in pertinent part, that:

> "A builder may not bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he bid or entered into a contract for the performance of such work." Former ORS 701.065.

In 1975, the legislature amended that section.[2] The 1975 law allowed a builder to bring an action for compensation although the builder was not registered with the Builders Board at the time the contract was entered into, provided that the builder was registered at the time the suit was filed. The 1975 law provided:

> "(1) A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he filed the lien or commenced the suit or action.
>
> "(2) If a builder who was not registered with the Builders Board at the time he bid or entered into a contract

---

[1] See Or Laws 1971, ch 740.

[2] See Or Laws 1975, ch 654, § 1.

for the performance of work as a builder registers prior to filing a lien or commencing a suit or action based on such work, and if the builder is awarded a judgment for a sum of money in the lien foreclosure proceeding, suit or action, the builder shall pay 25 percent of any recovery under the judgment to the Builders Board." Former ORS 701.065.

The legislature amended ORS 701.065 once again in 1979.[3] The 1979 statute is substantially similar to the original 1971 law.[4] At all times since 1971, the law prohibited a person from performing work or submitting a bid to do work as a builder unless he or she had a certificate of registration issued by the Builders Board. ORS 701.055.

Plaintiff in the present case bid on the work to be done for defendant and performed the work during 1978. At that time he was not registered with the Builders Board. However, plaintiff was registered with the Board when he filed this suit in February, 1979. The 1979 law, which changed the requirement for bringing an action such as the one before us, became effective in October, 1979. This case came on for trial in November, 1980, and was dismissed. The issue before us is whether, as the trial court ruled, the 1979 change in ORS 701.065 applies, thus barring plaintiff's action and any potential recovery.

The trial court, relying on the Supreme Court's opinion in *Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978), concluded that the 1979 law did apply to the present case. In *Mahana,* the court was faced with the question of whether the 1975 version of ORS 701.065 should apply to a claim for compensation arising out of a contract made and terminated before the effective date of the 1975 act. Recovery was sought after the 1975 law went into effect. The plaintiff was not registered with the Builders Board when the contract was made, but was registered when recovery was sought. The court concluded that the 1975 law applied.

---

[3] *See* Or Laws 1979, ch 874, § 1.

[4] In its present form, ORS 701.065 provides that:

"A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he bid or entered into the contract for performance of the work."

In the court's view, the "change in the disqualification of unlicensed builders as complainants would appear to concern a remedial law." *Id.,* at 80. The court explained:

"*  *  * it appears from the text and the legislative history that the disqualification of unregistered builders was only an enforcement device, and that it was amended in 1975 precisely to permit a builder to avoid a forfeiture by registering before he filed his lien or suit. We see no reason to doubt that the legislature meant this change to apply to all cases in which such a remedy is sought after the effective date of the amendment." *Id.,* at 81.

■ The general rule in this state is that, unless the legislature indicates otherwise, "procedural" or "remedial" statutes are applied retroactively and "substantive" statutes are not. *Fish & Wildlife Department v. LCDC,* 288 Or 203, 209, 603 P2d 1371 (1979); *Mahana v. Miller, supra,* 281 Or at 80; *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972). These labels are commonly applied, however, only after a determination as to which effect should be given. *See Fish & Wildlife Department v. LCDC, supra; Joseph v. Lowery, supra.* The focal question is whether the new statute affects legal rights and obligations arising out of past transactions. If it does, then the statute is substantive and normally will not be applied retroactively. *Fish and Wildlife Department v. LCDC, supra,* 288 Or at 209. The court in *Kempf v. Carpenters & Joiners Union,* 229 Or 337, 343, 367 P2d 436 (1961), stated the rule as follows:

"Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." *See also, Brooks Resources Corp. v. Dept. of Revenue,* 286 Or 499, 509, 595 P2d 1358 (1979); *Joseph v. Lowery, supra,* 261 Or at 547.

If we apply the 1979 amendment to ORS 701.065 to this case, it is clear that plaintiff's legal rights would be affected. Under the old law, plaintiff could "bring and maintain" this action. Under the new law, he cannot; his right to recover is barred and any claim he may have against defendant is lost. Thus, the new statute is clearly

substantive and should not be applied unless it was meant to be so applied.[5]

■        The statute uses the words "bring *or maintain.*" (Emphasis supplied.) We assume that the words were meant to have different meanings, *i.e.,* that "maintain" means something other than to "bring" an action. In *Hewitt v. Thomas et al,* 210 Or 273, 276, 310 P2d 313 (1957), the court rejected the suggestion that "maintain" means "to commence." The court did not, however, say what "maintain" means. To maintain a suit is "to uphold, continue on foot and keep from collapse a suit already begun, or to prosecute a suit with effect." Black's Law Dictionary, 4th ed. We conclude in the context of the present statute that to "maintain" an action means to continue an action that has already been brought. If "maintain" means to continue an action, then the 1979 amendment applies to pending actions.[6] For this reason, we conclude that the new statute applies and plaintiff's action cannot be maintained.

        Affirmed.

---

[5] This conclusion is not inconsistent with the court's opinion in *Mahana v. Miller, supra,* 281 Or 77. The 1975 amendment under consideration there was remedial. It gave builders, unregistered at the time they entered into the contract or bid on the work, a remedy where none existed before. *See also Perkins v. Willamette Industries,* 273 Or 566, 571, n 1, 542 P2d 473 (1975) (discussing the distinction between statutes which affect a remedy and those which affect a substantive right).

[6] We have found no legislative history that indicates whether or not the legislature intended the 1979 amendment to apply to cases such as the one before us.