Argued and submitted January 14, affirmed May 11, reconsideration denied June 24, petition for review denied September 7, 1983 (295 Or 617)

BARKER,
*Appellant,*
*v.*
PARKER et ux,
*Respondents.*

(78-7933; CA A24878)

662 P2d 779

Edward Ray Fechtel, Eugene, argued the cause for appellant. With him on the brief was Husband, Johnson & Fechtel, Eugene.

A. J. Morris, Eugene, argued the cause for respondents. With him on the brief was Hoffman, Morris, Van Rysselberghe & Giustina, Eugene.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■      This lien foreclosure action arose out of plaintiff's services as general contractor for the construction of a duplex for defendants. The trial court gave defendants summary judgment on the foreclosure claim, because plaintiff was not registered with the Builders Board at the time he filed his lien. ORS 701.055 *et seq.* Plaintiff appeals, and we affirm.[1]

Plaintiff first assigns error to the order granting summary judgment. The issue is whether plaintiff is barred by ORS 701.065 from foreclosing the lien. That statute now provides:

> "A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he bid or entered into the contract for performance of the work."

Prior to its amendment by Oregon Laws 1979, chapter 874, § 1, ORS 701.065(1) provided:

> "A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he filed the lien or commenced the suit or action."

The parties entered into their contract in October, 1977. At that time, plaintiff was registered with the Builders Board. Plaintiff filed his lien in June, 1978. At that time, he was not registered. The 1979 amendment to ORS 701.065

---

[1] This is the second appeal plaintiff has attempted to bring in this action. We dismissed the first on our own motion for the reason, among others, that the trial court had not adjudicated a counterclaim by defendants. ORCP 67B. Thereafter, defendants moved that the trial court dismiss the counterclaim, and the trial court granted the motion.

Before the present appeal was submitted, defendants moved to dismiss it. We denied the motion. The order from which plaintiff now appeals is the order dismissing the counterclaim. That order does not *in itself* dispose of all issues in the case and does not affect plaintiff adversely. However, that order and the order allowing summary judgment against plaintiff on his foreclosure claim, when read together, adjudicate all issues in the case. We conclude that the order dismissing the counterclaim implicitly incorporates the other order that is a necessary component of the trial court's final judgment.

makes the viability of liens or actions by persons subject to the registration requirement contingent on their having been registered at the time they "bid or entered into the contract * * *." Before the 1979 amendment, the statute made registration at the time of filing the lien or bringing the action the relevant factor.

■ In *Kolodejchuk v. Lucier,* 52 Or App 981, 630 P2d 889 (1981), we held that the 1979 amendment operated retroactively, at least for the purpose of barring a builder who bid on and performed work in 1978, when he was not registered, from "maintaining" an action he brought in 1979 after he had registered with the Builders Board.[2] However, the issue in this case is not whether the 1979 amendment is retroactive. The decisive fact here is that plaintiff was not registered when he filed the lien, as ORS 701.065 then required. It follows that no valid lien was *ever* filed, and there was therefore nothing for the court to foreclose, whether the amended or unamended version of the statute was applicable. *See Mahana v. Miller,* 281 Or 77, 81, 573 P2d 1238 (1978). The trial court did not err in granting summary judgment for defendants on the lien foreclosure claim.

■ Plaintiff's second assignment of error is that the trial court erred in denying his motion for leave to amend the complaint to allege *quantum meruit* damages. That motion was made after the trial court had granted summary judgment on the lien claim. Plaintiff relies on Oregon cases that hold that the denial of a lien foreclosure does not bar the lien claimant from recovering *quantum meruit* damages. However, as defendants note:

> "The plaintiff may proceed on quantum meruit or implied contract *only* if the complaint states a cause of action for labor performed or materials supplied. * * *" (Emphasis defendants'.)

*See B & D Investment v. Petticord,* 48 Or App 345, 348, 617 P2d 276, *rev den* 290 Or 302 (1980), and authorities there cited. Plaintiff counters that the complaint contained all the necessary averments to support a *quantum meruit* recovery. We do not address that contention because plaintiff makes no assignment of error regarding the court's failure to allow *quantum*

---

[2] We do not decide here whether the 1979 amendment is retroactive for other purposes.

*meruit* recovery under the pleadings as they stood before he moved to amend.[3] Defendants argue, and we agree, that the trial court did not abuse its discretion by denying plaintiff leave to amend his complaint to assert a new theory after summary judgment had been entered against him on his original theory. *See Humbird v. McClendon,* 281 Or 83, 86-87, 573 P2d 1240 (1978).

    Affirmed.

---

[3] We do not comment on whether plaintiff would be barred by ORS 701.065 from seeking *quantum meruit* damages under these circumstances.