Argued and submitted April 19, 1985, reversed and remanded June 10, reconsideration denied August 28, petition for review denied September 29, 1987 (304 Or 186)

# McKINSTRY CO.,
*Appellant,*

*v.*

# SMITH,
*Respondent.*

## (A8312-07931; CA A31930)

738 P2d 203

Ronald T. Adams, Portland, argued the cause for appellant. With him on the briefs were John A. Shelley and Black, Helterline, Beck & Rappleyea, Portland.

David D. Park, Portland, argued the cause for respondent. With him on the brief was Frederick T. Smith, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from a judgment of the trial court dismissing its complaint, which alleges breach of a construction contract, for failure to state ultimate facts sufficient to constitute a claim. The issue is whether certain amendments to ORS chapter 701 apply to a claim for breach of a construction contract when the complaint was filed after the effective date of the amendments, but the contract was executed and the work was performed before that date.

The complaint[1] was filed on December 30, 1983, and alleges that defendant breached the contract by failing to pay for labor, materials and other services furnished by plaintiff under a construction contract dated February 19, 1981. The contract called for plaintiff to make improvements to an existing 11-unit condominium structure called "Thunderhead Lodge," located near Mt. Hood. The complaint does not allege that plaintiff was registered with the Builders Board pursuant to ORS chapter 701[2] at any time. It did allege that Thunderhead Lodge is not a residential structure under ORS chapter 701 and, therefore, that plaintiff was not subject to its registration requirements. Defendant moved to dismiss the complaint on the basis that ORS 701.065 bars plaintiff from bringing this action. The trial court granted the motion and entered final judgment in favor of defendant. Because we conclude that plaintiff has stated a claim for relief, we reverse.[3]

At the time when the contract was executed, ORS 701.065 provided:

"A builder may not file a lien or bring or maintain in any

---

[1] We assume that the facts alleged in the complaint are true. *Sommerfeldt v. Trammel,* 74 Or App 183, 187, 702 P2d 430 (1985).

[2] We stated in *Parsons v. Henry,* 65 Or App 627, 629-30, 672 P2d 717 (1983), *rev den* 297 Or 82 (1984):

"ORS chapter 701, enacted in 1971, is essentially a consumer act designed primarily to protect the public from irresponsible builders. * * * A principal protection is the requirement that a builder be registered with the Builders Board prior to the time he bids on or enters into a building contract, ORS 701.055, and prerequisites to obtaining a certificate of registration or posting of a $5,000 surety bond and furnishing evidence of public liability and property damage insurance. ORS 701.085; ORS 701.105." (Citations and footnote omitted.)

[3] This case was argued on April 19, 1985. Defendant subsequently filed a petition in bankruptcy, and we stayed our decision pursuant to ORAP 12.35. On July 15, 1986, the bankruptcy court lifted its stay, and the appeal was reactivated on November 10.

court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he bid or entered into the contract for performance of the work."

The relevant definitions were then contained in ORS 701.005:

"(2) 'Builder' means a person who, in the pursuit of an independent business, undertakes or offers to undertake or submits a bid, to construct, alter, repair, improve, move or demolish a *structure* or to perform any work in connection with the construction, alteration, repair, improvement, moving or demolition of a *structure* and the appurtenances thereto, except landscaping and lawn sprinkling systems.

"(3) 'Structure' means a residence, duplex or multiunit residential building." (Emphasis supplied.)

ORS 701.065 was amended in 1983, Or Laws 1983, ch 616, § 8 (effective October 15, 1983), and now provides:

"(1) A builder may not file a lien, file a claim with the Builders Board or bring or maintain in any court of this state a suit or action for compensation for the performance of any work on a *residential structure* or for the breach of any contract for work on a *residential structure* which is subject to this chapter, unless the builder was:

"(a) Registered under this chapter at the time the builder bid or entered into the contract for performance of the work; and

"(b) Registered continuously while performing the work for which compensation is sought.

"(2) A court may choose not to apply this section if the court finds that to do so would result in a substantial injustice to the unregistered builder." (Emphasis supplied.)

The only definition of a residential structure is contained in ORS 701.005(3):

"(3) If a builder is registered for residential work only, 'structure' means a residence, including a site-built home, a modular home constructed off-site, a condominium and a mobile home, a duplex or multiunit residential building consisting of four units or less. If a builder has extended registration to include work performed on buildings of all types as provided in ORS 701.060, 'structure' means all types of buildings, regardless of use."

The statutory scheme, ORS 701.005 to ORS 701.235, both before and after the 1983 amendments, requires anyone defined as a builder in ORS 701.005(2) to register with the Builders Board. ORS 701.055. Before 1983, ORS 701.055 required the person to be registered before submitting a bid or entering into a contract to do work on a "structure," which was defined in pre-1983 ORS 701.005(3) to be a residential-type building. The 1983 amendments to ORS 701.055(1) expressly limited that requirement to work on a residential structure, the only definition of which is in ORS 701.005(3). Failure to register did not and does not render the contract entered into void or voidable; however, if the builder is not paid, he is barred from filing a lien or bringing or maintaining an action in state court (or, under the 1983 amendments, from filing a claim with the Board). ORS 701.065. Before the 1983 amendments, plaintiff was required to be registered, because the 11-unit condominium was a "residential structure" under the statutory definition in ORS 701.005(3).

In amending ORS 701.005 in 1983, it appears that the legislature concluded that the protection of the registration requirement for work on "residential structures" was not necessary when, as here, the structure was a "multiunit residential building" consisting of more than four units.[4] Both the Board and the legislature considered the existing definition to be too broad and wanted to limit the application of the act to "residential structures to the exclusion of those who are doing commercial work." Minutes, Senate Committee on Business & Consumer Affairs, June 22, 1983, p 9. The legislature also concluded that there may be instances when the enforcement of the ORS 701.065 bar to collecting compensation under the contract could result in substantial injustice to the unregistered builder; to cover that circumstance, it added subsection (2) to that section.

As a general rule, statutes are not construed to operate retrospectively unless it appears that they were meant to

---

[4] The definition of a "structure" does not include Thunderhead Lodge, because it is a multiunit residential building with more than four units. Although the section that defines a "structure" begins with the phrase "if a builder is registered for residential work only," we assume that the definition is applicable to this case as well, where the builder is not registered. That interpretation is supported by the wording of the enforcement provision, which bars claims by unregistered builders for "the breach of any contract for work on a residential structure *which is subject to this chapter.*" (Emphasis supplied.)

do so. *Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978). In *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), the court recognized that that general rule has been applied to substantive changes rather than to those that are procedural or remedial. Although the distinctions between those terms are not always clear, we believe that both of the amendments here involved are clearly remedial.[5] We need, however, to deal only with the new definition of "structure," which relieves one from the registration requirement when the residential structure is a large multiunit one, because the legislature has determined that the overall purpose of the statutory scheme to protect owners who are contracting for small residential structures up to four units, not large multiunit structures.

As the court pointed out in *Mahana v. Miller, supra,* the application of such amendments to a post-amendment action to permit the builder to obtain a remedy

"is not retroactive at all. It might be called retroactive or retrospective if one attributed to the original legislation a purpose to entitle the customers of unregistered builders to free construction services, rather than merely to enforce the registration requirement." 281 Or at 81.

In that case, because the 1975 amendment permitted the builder to register before he filed his lien or action, thereby avoiding a forfeiture, the court held that there was no reason

---

[5] Defendant argues that the legislative history indicates that the legislature did not intend the amendments to apply retroactively. That may be true with respect to the amendment to ORS 701.065, which permits the court to refuse to enforce that section if it finds that to do so would result in substantial injustice. Plaintiff unsuccessfully lobbied for House Bill 2145 in 1983. That bill provided:

"All provisions of a contract made before the effective date of this Act that would have been valid but for the fact that a commercial builder was not registered under ORS chapter 701 to perform work on a residential structures [sic] are validated."

Because the contract was valid before any of the 1983 amendments, it is not clear what the effect of the proposed provision would be.

Defendant also points to testimony before the Senate Committee by the deputy administrator of the Builders Board, which sponsored the amendments, to the effect that, if House Bill 2148 were to become law, it would affect claims like plaintiff's in the future only, and testimony from another witness to the effect that failure to enact a retroactivity clause would bar plaintiff from further recourse. *See* Minutes, Senate Committee on Business and Consumer Affairs, June 22, 1983, at 7-9. Even if that legislative history were relevant to the issue here, it would not affect our opinion. The specific comments relating to retroactivity were made with respect to ORS 701.065 (adding subsection 2), not to ORS 701.005(3) (definition of "structure"). Given our disposition of this case, we need not decide whether ORS 701.065 is retroactive.

to doubt that the legislature meant the change to apply to all cases filed after the effective date of the amendment.

The same reasoning applies here, at least with respect to the amendment of the definition of "structure." The beneficent purposes of the statutory scheme would not be served by denying plaintiff a remedy when, under that remedial legislative amendment, he would not be denied one. If the entire statutory scheme had been repealed, plaintiff would be entitled to bring this action.

Reversed and remanded.