Argued and submitted January 28, reversed and remanded for entry of judgment for defendants July 8, 1987

COE,
dba Coe Electric,
*Respondent,*

*v.*

McELLIGOTT et ux,
*Appellants.*

(7386; CA A38664)

739 P2d 57

William J. Kuhn, Heppner, argued the cause for appellants. With him on the briefs was Kuhn and Spicer, Heppner.

William A. Galbreath, Milton-Freewater, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J.

## WARDEN, P. J.

Defendants McElligott appeal from a judgment fore-closing plaintiff's construction lien. They contend that the trial court erred in failing to grant their motion for a directed verdict.[1] We reverse.

In 1982, the McElligotts purchased the unfinished house, which is the subject of plaintiff's construction lien, from defendant bank, which had previously obtained it at a sheriff's sale to satisfy its judgment against the original builder. According to their testimony, before the purchase Mr. McElligott called plaintiff, the electrical contractor who had installed some of the wiring for the original builder, to get an estimate of the cost of completing the wiring. Plaintiff made an oral estimate of $4,500-$5,500. After purchasing the house, McElligott contacted another electrician about finishing the work and was advised to contact the electrician who had started the job. McElligott then met with plaintiff and orally contracted for the completion of the wiring. There were sub-stantial differences between plaintiff's and McElligott's testi-mony as to the agreed consideration. McElligott testified that he had requested an estimate of the cost to finish the house for budgeting purposes, that plaintiff had replied that he would do the job for no less than $2,500 and that, when McElligott asked why the figure was less than plaintiff's earlier estimate, plaintiff replied that there were more materials on site than he had previously thought. Plaintiff testified that he never gave McElligott a price quote and that he offered no explanation of any sort about the price of the job. The work on the house began in December, 1982, and continued through February, 1983. Defendants received their first bill at the end of Janu-ary, 1983, for $7,800 for December material and services. McElligott met with plaintiff in February, 1983, hoping to have the price of the job reduced and to settle, and plaintiff agreed to reduce the charge for materials by five percent. Plaintiff would not give McElligott a breakdown of time and materials. Defendants gave plaintiff a check for $7,000 at that

---

[1] A directed verdict is not available in civil cases tried to the court. We treat defendants' motion as a motion for dismissal under ORCP 54(b)(2) and refer to it as such. *See Sappington v. Brown,* 68 Or App 72, 75 n 1, 682 P2d 775, *rev den* 298 Or 238 (1984); *Angus v. Joseph,* 60 Or App 546, 655 P2d 208 (1982), *rev den* 294 Or 569, *cert den* 464 US 830 (1983).

time but made no other payments. Plaintiff's final bill was for $12,765.63.

Plaintiff brought this foreclosure action. Defendants asserted as an affirmative defense that plaintiff was barred from the Oregon courts, because he was not registered with the Builders Board, and at trial they moved to dismiss on the basis of that defense. The motion was denied. The court granted foreclosure of the construction lien, subject to the mortgage of the bank.[2] Defendants appeal, contending that the court erred in denying their motion.

ORS 701.065[3] provides:

"(1)   A builder may not file a lien, file a claim with the Builders Board or bring or maintain in any court of this state a suit or action for compensation for the performance of any work on a residential structure or for the breach of any contract for work on a residential structure which is subject to this chapter, unless the builder was:

"(a)   Registered under this chapter at the time the builder bid or entered into the contract for performance of the work; and

"(b)   Registered continuously while performing the work for which compensation is sought.

"(2)   A court may choose not to apply this section if the court finds that to do so would result in a substantial injustice to the unregistered builder."

It is undisputed that plaintiff was not registered with the Builders Board at the time he entered into the contract with defendants or at any time during which he performed work for defendants. Therefore, he is prohibited from bringing an action for compensation for the performance of work, unless the court finds that prohibition would result in a substantial injustice to him under ORS 701.065(2).

A representative of the Builders Board explained that subsection to the Senate committee which considered the change:

"[Subsection] (2) in that section qualifies that by allowing

---

[2] The Bank of Eastern Oregon is not a party to this appeal.

[3] Defendants concede that the 1983 amendment to the statute applies to this case. *But see McKinstry Co. v. Smith,* 85 Or App 607, 738 P2d 203 (1987).

the courts to decide if that is a substantial injustice to the builder not to be able to file a suit in court, for example if a homeowner who knows the law knowingly defrauded the builder out of their labor by hiring an unregistered builder. * * * The court, under this provision would be given the leeway to decide whether or not the builder was actually being defrauded of his labor." Minutes, Senate Committee on Business and Consumer Affairs, June 22, 1983, p 7.

There is no evidence that plaintiff has been defrauded. Plaintiff contends that the exception is not limited to cases of fraud. Assuming that he is correct, we find nothing in the evidence that could otherwise be the basis for a finding of substantial injustice. Plaintiff's reliance on the fact that defendants received a completed job is misplaced, and the fact that he was fined $674.44 by the Builders Board for violation of another statute is irrelevant. Those facts cannot be said to work a *substantial* injustice.

Reversed and remanded for entry of a judgment for defendants.