Argued July 25, reversed and remanded October 8, 1979

SULLIVAN,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION,
*Respondent.*
(TC 79 AB 187, CA 13645)

SULLIVAN,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION,
*Respondent.*
(TC 79 AB 186, CA 13647)

(cases consolidated)
600 P2d 965

Robert L. Ackerman, Springfield, argued the cause for petitioners. With him on the brief were Ackerman & DeWenter, Springfield.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette

GILLETTE, J.

## GILLETTE, J.

Petitioners, husband and wife, are the sole owners and employes of two corporations which provide income tax preparation services. They applied for and received unemployment benefits for the periods of July 4, 1976, through October 16, 1976, October 24, 1976, through January 8, 1977, and May 14, 1977, through June 25, 1977. A subsequent administrator's decision determined that petitioners were not unemployed or available for work during the periods in question and were, therefore, ineligible for benefits. They were further found to have wilfully failed to report a material fact — their alleged continuing employment with their corporations — so that they were disqualified from receiving compensation for 26 weeks[1] and were required to repay the benefits they had received. They seek review. We reverse and remand.

■ Petitioners' first assignment of error—and the only one we consider—is the Board's conclusion that petitioners were not "unemployed" under ORS 657.100.[2] Under ORS 657.100 a person is "unemployed" if he performs no services for compensation. The key consideration is that he receive no compensation.

---

[1] The final order of the EAB provided that the disqualification was "for a period not to exceed 26 weeks." The order further provided that the referee's decision in the case was "affirmed." The referee had ordered disqualification "for 26 otherwise compensable weeks." This latter formulation is incorrect: disqualification under the statute as it then existed must be for 26 consecutive weeks, rather than 26 "otherwise compensable" weeks. *See Employment Division v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978). In their brief, petitioners assign error to the Board's order, treating it as if it were written in the same language as the referee's opinion. The state's brief seems to agree, because it confesses error on this point. We, however, read the phrase in question as conforming to our interpretation of the appropriate statute in *Bechtel* and find no error. Our interpretation is aided by the concurring opinion of one member of the Board, who pointed out the *Bechtel* problem.

[2] "ORS 657.100. An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. The assistant director shall prescribe such regulations as he deems necessary with respect to the various types of unemployment."

*Taylor v. Emp. Div.,* 286 Or 711, 597 P2d 780 (1979). It is undisputed that petitioners were not paid for the services they performed for their corporations during the periods in question. *Taylor* would appear to be dispositive.

The state, however, argues that *Taylor* may be distinguished from the present case: in *Taylor,* the claimant took compensation from his corporation only for services he performed as a logger-employe. Here, by contrast, the state claims that petitioners took their compensation as corporate officers. Even if the state's characterization of the manner in which the petitioners were paid were taken as correct—and the Board made no finding on this point—we find the purported distinction unpersuasive. The petitioners' activities on behalf of the corporations here—checking the mail, answering correspondence and the like—sufficiently parallels the claimant's efforts to obtain business for his corporation in *Taylor* so that no valid legal distinction may be made between the two cases.

The state further argues that, because petitioners elect to pay themself only once per year for the full year's work, their income cannot be attributed to any particular period during the year and so they must be deemed to be employed all year. However, as the Supreme Court noted in *Taylor,*

> ". . . The state argues that because claimant is self-employed and, due to his corporate position, makes the decision of when to work, when to lay himself off, *when to get paid and how to get paid,* his unemployment is not 'through no fault of his own.' These assertions, however, go to questions presented by ORS 657.155 concerning eligibility for benefits and ORS 657.176 concerning various reasons for disqualification from benefits, not to the question presented by ORS 657.100. . . of whether one is unemployed when he performs uncompensated services." 286 Or at 720. (Emphasis supplied.)

The state in the present case repeats the error it made in *Taylor:* whatever its pertinence may be under

other portions of the unemployment compensation law, the fact that the petitioners here could control the timing of their compensation did not mean that they were *employed* all year. The Board's ruling that the petitioners were "not unemployed" was error.

Because of our holding on petitioners' first assignment of error and because the Board clearly relied on an impermissible view of the meaning of ORS 657.100, we are not required to reach the further question, posed by petitioners' second assignment of error, of whether there is substantial evidence in the record to support the Board's finding that petitioners wilfully failed to report a material fact in order to obtain benefits.

Reversed and remanded.