# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

TYSHERRA BURTON,        )
        Appellant,        )        C. A. No.:  N13A-12-002 VLM
        )
        v.        )
        )
COMMUNITY ALTERNATIVES        )
RESCARE HOMECARE,        )
        Appellee.        )
        )

## <u>OPINION</u>

Submitted: June 2, 2014
Decided: September 30, 2014

*Upon Consideration of Appellant's Appeal of the*
*Unemployment Insurance Appeal Board*, **AFFIRMED.**

Tysherra Burton, Wilmington, DE 19802, Appellant, *pro se.*

Catherine Damavandi, Esquire and Lisa Morris, Esquire, Unemployment Insurance Appeal Board, Attorneys for Appellee.

**MEDINILLA, J.**

**INTRODUCTION**

Appellant Employee Tysherra Burton ("Burton") appeals the decision of the Unemployment Insurance Appeal Board (the "Board") which granted judgment in favor of Community Alternatives Rescare Homecare ("Employer") and denied her claim for unemployment benefits. The Board found that Burton was not entitled to receive unemployment benefits after a determination that she voluntarily terminated her employment without good cause. For the reasons set forth below, this Court finds the Board's decision is supported by substantial evidence and is **AFFIRMED**.

**FACTUAL AND PROCEDURAL HISTORY**

Tysherra Burton was employed as a home health aide on a per diem, as-needed basis beginning on November 25, 2012.[1] On March 11, 2013, Burton submitted the following letter to her supervisor:

> As [of] April 2nd I will no longer be able to d[o] [a "Client"] because I will be attend[ing] school from 9-3 pm.[2]

From April 2 until July 2, 2013, Burton remained on Employer's "active" roster but did not see clients. Per Employer's policy, employees are deemed

---

[1] R. at 16.

[2] *Id*. at 33. At the time she submitted her letter, Burton was caring for Client for two hours per day on Mondays, Tuesdays, and Thursdays. In her Opening Brief, Burton also states that, in addition to attending school, she could no longer work for Client because of a cat allergy and claims that she was being asked to care for Client's disabled son without additional compensation. See Op. Br. at 1-2.

"inactive" if they do not see any clients for a period of 90 days. Burton claims that during the 90 day period following her March 11 letter, she called Employer to inquire about obtaining another assignment, but did not leave any messages.[3] Employer attempted to contact Burton via mail, but letters were returned as undeliverable.[4] On July 2, 2013, Employer sent Burton a letter stating that because she had been "either unavailable or unscheduled to work for a period of 90 days or more," it had reclassified her employment status to "inactive."[5] Burton acknowledged receipt of Employer's July 2 letter.[6]

On August 7, 2013, Burton filed a claim for unemployment benefits with the Delaware Department of Labor on the grounds that she was separated from her employment without just cause due to lack of work.[7] A Claims Deputy approved her claim on August 29, 2013.[8] Employer filed a Notice of Appeal to an Appeals Referee, and a hearing was held on September 17, 2013.[9] The Appeals Referee reversed the decision of the Claims Deputy and found that Burton had voluntarily terminated her employment and was ineligible for unemployment benefits.[10] Burton appealed the Appeals Referee's decision to the Unemployment Insurance

---

[3] *Id.* at 21.
[4] *Id.* at 20.
[5] *Id.* at 43.
[6] *Id.* at 23, 40.
[7] R. at 1-2.
[8] *Id.* at 5.
[9] *Id.* at 9, 11-26.
[10] *Id.* at 28.

Appeal Board (the "Board"). After a hearing on November 13, 2013, the Board affirmed the Appeals Referee's findings of fact and conclusions of law.[11] This appeal followed.

## STANDARD OF REVIEW

The Superior Court's review of a Board decision is defined by statute. Pursuant to 19 *Del. C.* §3323(a), "the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law." In other words, this Court's function on appeal "is to determine whether or not there was substantial competent evidence to support the finding of the Board, and, if so, to affirm the findings of the Board."[12] The credibility of witnesses, the weight to be given the testimony, and any reasonable inferences, are for the Board to determine.[13] If substantial evidence exists to support the Board's findings of fact, the jurisdiction of the reviewing court is confined to questions of law.[14] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[15]

---

[11] *Id.* at 46-47.
[12] *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 936 (Del. 2002) (internal citation omitted).
[13] *Owens v. Carman Ford, Inc.*, 53 A.3d 302 (Del. 2012) (Table) (citing *Clements v. Diamond State Port Corp.*, 831 A.2d 870, 878 (Del.2003)).
[14] *Id.* (citing *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 936 (Del. 2002)).
[15]*Id.*

4

## DISCUSSION

Under Delaware law, an employee is disqualified from receiving unemployment benefits if the employee voluntarily quits her employment without good cause.[16] In effect, when an employee resigns, she gives up her claim for unemployment benefits.[17] In determining whether a claimant is eligible for unemployment benefits, a tribunal must look to the totality of circumstances.[18] Factors for consideration include the regularity of the claimant's employment, the claimant's intention to remain permanently employed as the job will allow, and the claimant's expectation of regular employment or income.[19] Where a claimant is hired on an as-needed basis, with no guarantee or expectation of regular employment or income, this Court has held that a claimant is not eligible for unemployment benefits.[20]

In this case, the Board accepted the finding of the Appeals Referee and determined that Burton was ineligible for unemployment benefits because she

---

[16] 19 *Del. C.* § 3314(1) ("An individual shall be disqualified for benefits [when] the individual left work voluntarily without good cause attributable to such work."). See *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 783 (Del. 2011) ("[G]ood cause is established where: (i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment.").

[17] *Johnson v. Christiana Care Health Servs.*, 2011 WL 5855039, at *1 (Del. Super. Ct. Oct. 28, 2011).

[18] *Lacy v. Wilmington Stevedores*, No. 95A-04-012-RSG, 1996 WL 280894 (Del. Super. Ct. Mar. 8, 1996).

[19] *Grinnel v. Christina Service Co.*, No. 96A-06-14, at 10 (Carpenter, J.) (Del. Super. Ct. Aug. 29, 1997) (citations omitted).

[20] *Id*.

voluntarily quit her employment without good cause. This Court finds that the Board had substantial evidence to support this finding.

Burton was hired on a part-time, as-needed basis. The facts in this case show that Burton was unable to continue to care for her current client due to her school schedule as evidenced by her March 11, 2013 letter. During the 90 day period following her letter, the record reflects that Burton failed to communicate with Employer about continued assignments. Specifically, Employer's letters to Burton were returned as undeliverable, yet she acknowledged receipt of notice that she was placed on inactive status. Although Burton testified that she attempted to contact Employer via telephone, she failed to leave messages conveying any interest in further assignments. These facts constitute substantial evidence from which the Board could reasonably conclude that Burton voluntarily terminated her employment without good cause and thus is ineligible for unemployment benefits.

## CONCLUSION

For the reasons stated, this Court is satisfied that substantial evidence exists to support the Board's ruling and therefore, the decision of the Board is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

6