# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| GINGER E. MAGUIRE, | ) | |
| Appellant, | ) | C. A. No.:   N14A-03-012 VLM |
| | ) | |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| Appellee | | |

## OPINION

Submitted: October 24, 2014
Decided: January 29, 2015

*Upon Consideration of Appellant's Appeal of the Decision of the Division of Unemployment Insurance*, **AFFIRMED.**

Ginger E. Maguire, Appellant, Newark, Delaware, *pro se*.

Lisa M. Morris, Deputy Attorney General, Wilmington, Delaware, for the Division of Unemployment Insurance.

**MEDINILLA, J.**

## INTRODUCTION

Appellant Ginger Maguire ("Appellant") appeals the decision of the Division of Unemployment Insurance (the "Division") and the Unemployment Insurance Appeal Board (the "Board") which found that she was disqualified from the receipt of unemployment benefits for a period of one year. For the reasons that follow, the decision of the Board is AFFIRMED.

## FACTUAL AND PROCEDURAL HISTORY

Appellant began receiving unemployment benefits on November 25, 2012. In January, 2013, Appellant began to attend school from 9:00 a.m. until 3:30 p.m., Monday through Friday. During the nineteen weeks from January 19, 2013 through May 25, 2013, Appellant collected unemployment benefits.

In order to collect unemployment benefits, the Division of Unemployment Insurance (the "Division") requires claimants to place a weekly telephone call into "TeleBenefits,"[1] and respond via touchtone to questions concerning the claimant's job search, employment status, and other relevant issues. One such question is whether the recipient is enrolled in school. At no point during the nineteen-week

---

[1] "TeleBenefits" is a feature of the Delaware Unemployment Insurance Division's Information Hotline that provides claimants with an expedited process for claiming their unemployment checks.

period from January 19, 2013 through May 25, 2013 did Appellant inform the Division that she was attending school.

On June 13, 2013, a Claims Deputy for the Division determined that Appellant had collected unemployment benefits fraudulently during the nineteen weeks from January 19, 2013 through May 25, 2013 because she was enrolled in school during that time and had not so stated when asked if enrolled during her weekly TeleBenefits calls.[2] The Claims Deputy determined that Appellant was disqualified from receiving unemployment benefits for a period of one year pursuant to 19 *Del. C.* § 3314(6).[3]

Appellant timely appealed the Claim Deputy's decision to an Appeals Referee. At a July 3, 2013 hearing, Appellant gave various reasons for not reporting to the Division that she was attending school. Appellant testified that she believed that her attending school did not matter to the Division. Appellant

---

[2] According to the findings of fact by the Division's Claims Deputy, Appellant did not inform the Division that she was attending school for three reasons: (1) Appellant did not want her benefits to end; (2) the Division was not helping her pay for school; and (3) Appellant had received student loans to cover her tuition and, therefore, her income had not been affected by her enrollment.

[3] Under 19 *Del. C.* § 3314(6):

> If the Department determines such individual has made a false statement or representation knowing it to be false or knowingly has failed to disclose a material fact to obtain benefits to which the individual was not lawfully entitled, and such disqualification shall be for a period of 1 year beginning with the date on which the first false statement, false representation or failure to disclose a material fact occurred. A disqualification issued pursuant to this subsection shall be considered a disqualification due to fraud.

3

acknowledged receipt of the unemployment benefits guide, which instructed her to disclose her attendance at school, but admitted that she did not read it. An agent for the Division also testified at the hearing before the Appeals Referee. The agent submitted Appellant's weekly claim forms which showed that on nineteen separate occasions, she responded in the negative when asked if she was attending school. On July 5, 2013, the Appeals Referee affirmed the decision of the Claims Deputy, finding that Appellant was "disqualified for fraud . . . for knowingly making a false statement or representation in order to obtain unemployment benefits to which [she] was not lawfully entitled."[4]

Appellant timely appealed the Appeals Referee's decision, and a hearing before the Unemployment Insurance Appeal Board (the "Board") was held on July 17, 2013. The Board affirmed the decision of the Appeals Referee. On August 16, 2013, Appellant filed a Notice of Appeal to this Court.

By letter dated November 7, 2013, the Division requested that the Court remand the case to the Board because the Board had "prematurely" ruled on the issue of overpayment—said issue is not before this Court—"and had failed to address the issue properly before it—disqualification."[5] Accordingly, this Court

---

[4] 19 *Del. C.* § 3314(6).
[5] Letter from Thomas H. Ellis, Deputy Attorney General, Department of Justice, to this Court, dated November 7, 2013. Essentially, the issue of disqualification must be resolved before the

remanded the case to the Board for further proceedings consistent with the Division's request.

Upon remand, the Board considered the issue of disqualification and ultimately affirmed the Appeals Referee's decision that Appellant was disqualified from benefits due to fraud. The issues in the instant appeal are now fully developed and the record is ripe for review.

## STANDARD OF REVIEW

Pursuant to 19 *Del. C.* § 3323(a), the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive. This Court's function on appeal is to determine whether or not there is substantial evidence to support the findings of the Board, and, if so, to affirm its ruling.[6] The credibility of witnesses, the weight to be given the testimony, and any reasonable inferences to be drawn there from, are for the Board to determine.[7] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[8] If substantial

---

Division may begin recoupment proceedings. *See Bradfield v. Unempl. Ins. Appeals Board*, 2012 WL 3776670, *2 (Del. Aug. 31, 2012) (citing 19 *Del. C.* § 3325).

[6] *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 936 (Del. 2002) (internal citation omitted).

[7] *Owens v. Carman Ford, Inc.*, 53 A.3d 302 (Del. 2012) (Table) (citing *Clements v. Diamond State Port Corp.*, 831 A.2d 870, 878 (Del.2003)).

[8]*Id*.

evidence exists to support the Board's findings of fact, the jurisdiction of the reviewing court is confined to questions of law.[9]

## DISCUSSION

The question before this Court is whether there is substantial evidence to support the Board's conclusion that Appellant was disqualified from receiving benefits for a period of one year on the basis of fraud.[10] Disqualification for fraud must be proven by clear and convincing evidence, "which is more stringent than a mere 'more likely than not burden, yet less than 'beyond a reasonable doubt'."[11] This Court finds that the Board's decision is supported by substantial evidence.

A person can be disqualified from the receipt of unemployment benefits by committing certain acts.[12] Making a false statement or representation knowing it to be false, or knowingly failing to disclose a material fact to obtain benefits to which an individual is not lawfully entitled results in disqualification due to fraud for a period of one year.[13] "[E]ven a mistake does not prevent the Division [of Unemployment Insurance] from seeking a recoupment of benefits."[14]

---

[9] *Id.* (citing *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 936 (Del. 2002)).
[10] *See Johnson v. TMSI*, 2008 WL 3271162, at *2 (Del. Super. Ct. July 30, 2008).
[11] *Id.*
[12] *See Layfield v. Division of Unemployment*, 2015 WL 98646 (Del. Super. Ct. Jan 6, 2015).
[13] 19 *Del. C.* § 3314(6).
[14] *Layfield*, 2015 WL 98646, at *2 (Del. Super. Ct. Jan 6, 2015).

The Division presented clear and convincing evidence to support the Board's finding that Appellant's conduct fell within the definition of fraud pursuant to 19 *Del. C.* § 3314(6), and therefore she was disqualified from receiving benefits for one year. The evidence in the record shows that, on nineteen separate instances, Appellant failed to report to the Division that she was enrolled in school during the period she received unemployment benefits. At the hearing before the Appeals Referee, Appellant testified that she believed she did not have to report her enrollment in school to the Division because they were not providing her assistance with school costs. The Court appreciates Appellant's good-faith belief that her enrollment in school was not material to the Division's inquiry. However, the record shows that not only did Appellant fail to report her enrollment in school, but she expressly represented that she was, in fact, not enrolled. It appears from the record that Appellant's misrepresentation about her enrollment status was not a mere omission, but deliberate and materially false. Even if one accepts Appellant's explanation, she was aware that she could lose her benefits if she failed to report accurate information to the Division, even if mistakenly so.[15]

---

[15] *See Layfield*, 2015 WL 98646, at *3 (Del. Super. Ct. Jan. 6, 2015).

# CONCLUSION

Based on the record below, there is substantial evidence to support the Board's finding that Appellant is disqualified from the receipt of unemployment benefits for a period of one year. The Board's decision is free from legal error, and accordingly, is **AFFIRMED.**

    **IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc:    Prothonotary