# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KARL OWENS, | § | |
| | § | No. 49, 2016 |
| Appellant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| AUTO REPAIR SPECIALISTS, | § | |
| | § | C.A. No. N14A-09-005 |
| Appellee Below-<br>Appellee. | § | |
| | § | |

Submitted: July 22, 2016
Decided: September 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 19th day of September 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Karl Owens, filed this appeal from the Superior Court's decision, dated December 29, 2015, which affirmed the decision of the Unemployment Insurance Appeal Board ("the Board") denying Owens' claim for unemployment benefits. We find no merit to Owens' appeal. Accordingly, we affirm.

(2) The record reflects that Owens worked for Auto Repair Specialists ("ARS") from October 2013 until February 28, 2014. On that day, Owens was called into a meeting with a manager to discuss $1600 worth of missing fuel injectors. The

manager testified that Owens became loud and aggressive and thus was asked to leave the premises for the day. The manager testified, contrary to Owens' assertion, that Owens was never told that he was fired. Owens failed to return to work or contact ARS for thirteen days, when he returned to work to pick up his toolbox and his paycheck. The appeals referee found that Owens had voluntarily terminated his employment without just cause. The Board upheld that finding. The Superior Court affirmed the Board's decision on appeal. This appeal followed.

(3) After careful consideration of the parties' briefs and the record on appeal, we have determined that the final judgment should be affirmed on the basis of and for the reasons assigned by the Superior Court in its opinion dated December 29, 2015. As the Superior Court concluded, there is "substantial competent evidence"[1] to support the Board's finding that Owens left work voluntarily without good cause and, thus, was not entitled to unemployment benefits.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[1] *Owens v. Carman Ford, Inc.*, 2012 WL 3656401, *1 (Del. Aug. 24, 2012) (citing *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 936 (Del. 2002)).