# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROLAND CAHALL, )
)
Appellant, )
) C.A. No. N20A-01-004 ALR
v. )
)
WALMART, )
)
Appellee. )

Submitted: October 26, 2020
Decided: December 15, 2020

*Upon Consideration of Appellee Walmart's Motion to Strike*
**REMANDED**

## ORDER

Joseph D. Stanley, Esquire, Schwartz & Schwartz, Dover, Delaware, Attorney for Appellant.

Maria Paris Newill, Esquire, Heckler and Frabizzio, Wilmington, Delaware, Attorney for Appellee.

**Rocanelli, J.**

Appellant Roland Cahall ("Cahall") claims to have been injured while working for Appellee Walmart ("Walmart"). Specifically, Cahall claims that while he was latching the bottom shelf of a two-level metal dolly into position, the top shelf unlatched and struck Cahall over his right eye. The two-level metal dolly is referred to as a "rocket cart."[1]

Cahall sought workers' compensation benefits. On May 31, 2019, Cahall filed a Petition to Determine Compensation Due. On September 25, 2019, the Industrial Accident Board (the "Board") conducted a hearing. On December 23, 2019, the Board issued a written decision denying workers' compensation benefits to Cahall.[2] The Board concluded that Cahall "failed to prove that a work accident occurred as he proclaimed."[3] In so ruling, the Board expressly relied on the testimony of Walmart's witnesses who challenged Cahall's description of the work accident by "convincingly describe[ing] in detail how the top shelf [of the rocket cart] could not have fallen in the manner that [Cahall] described."[4]

---

[1] *See* Appellant's Opening Br. 4. A rocket cart is "a two-level, metal dolly cart that folds for convenient storage." *Id.*

[2] *Cahill v. Walmart*, No. 1485916 (Del. I.A.B. Dec. 23, 2019). The Board refers to the Claimant as Roland Cahill; however, the Superior Court will refer to the Claimant as his name appears in the caption before the Court, Roland Cahall.

[3] *Id.* at 23.

[4] *Id.* at 21; *see also id.* at 13. The Board notes that two Walmart witnesses testified that the incident could not have occurred as Cahall described.

1

Cahall appealed the denial of workers' compensation benefits to the Superior Court. In his opening brief, Cahall challenges the credibility of the Walmart witnesses who claimed that the rocket cart "could not have fallen in the manner that [Cahall] described."[5] According to Cahall, the rocket carts are notorious for malfunctioning in exactly this way. In the Superior Court appeal, Cahall relied in part on at least one other lawsuit which involved an individual working in a Walmart store who claimed to be injured by a Walmart rocket cart in a similar manner.[6] This evidence was not presented to the Board. Walmart objects to the expansion of the record on appeal and moves to strike.

## DISCUSSION

This Court recognizes the "basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."[7] It is well-established that "[o]nly questions fairly presented to the trial court may be presented for review . . . ."[8] The appellate record may include transcripts from

---

[5] *Id.*

[6] *See* Appellant's Opening Br. 12 (citing *Hardrick v. Wal-Mart Stores Inc.*, 2018 WL 3867805, at *1 (D.S.C. Aug. 15, 2018). The *Hardrick* case before the United States District Court for the District of South Carolina determined whether the federal court had jurisdiction over the parties; however, the background of the case is significant in that it describes an individual who was injured while transferring pizzas from a handcart to the lower shelf of a rocket cart when the upper shelf of the rocket cart fell and hit him on the head. *Hardrick*, 2018 WL 3867805, at *1.

[7] *Delaware Elec. Co-op, Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997).

[8] *Id.* (quoting Supr. Ct. R. 8).

2

related hearings, as well as materials that are not offered into evidence if the materials were considered by the trial court and are necessary to disposition on appeal.[9] The Superior Court may "reverse, affirm or modify the award of the Board or remand the cause to the Board for a rehearing."[10]

The Board made findings in reliance on the credibility of testimony by Walmart's witnesses. Specifically, the Board rejected Cahall's claim for workers' compensation based expressly on the witnesses' "convincing" descriptions that Cahall's accident could not have happened in the manner he described.[11] "Questions of credibility are exclusively within the province of the Board which heard the evidence."[12] The information cited by Cahall may corroborate his description of how the work injury occurred and may lead the Board to reject the credibility of the Walmart witnesses. As the finder of fact, the Board should have the opportunity in the first instance to determine the credibility of Walmart's witnesses considering that Walmart is on notice of at least one other individual who claims to have been injured by a Walmart rocket cart in the same manner alleged by Cahall. If the record must

---

[9] *Id.* at 1207.

[10] 19 *Del. C.* § 2350(b). "In case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the Board." *Id.*

[11] *See Cahill*, No. 1485916, at 13, 21.

[12] *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 937 (Del. 2002).

be expanded in the interest of justice, it should be at the Board hearing level, not at the Superior Court appellate level.[13]

Delaware courts adhere to a strong policy in favor of deciding cases on the merits as opposed to technical grounds.[14] Rejecting Cahall's opportunity to present what may be critical evidence would not be consistent with this policy. In the interest of justice, this matter shall be remanded for consideration of whether Cahall's description of the work accident might be consistent with at least one other claim of injury caused by Walmart rocket carts.

## CONCLUSION

Because this Court concludes that fairness demands consideration by the Board of evidence that may directly contradict testimony upon which the Board relied, this case is REMANDED for further proceedings.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[13] *Page v. State*, 2010 WL 2169506, at *2 (Del. 2010) (reviewing the matter after the Delaware Supreme Court remanded the case for the Superior Court to expand the record).

[14] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

4