# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAVERN C. WASHINGTON       )
                                          )
          Appellant,           )
                                          )
      v.                      )     C.A. No. N22A-03-004 CEB
                                          )
UNEMPLOYMENT INSURANCE    )
APPEAL BOARD,                )
                                          )
          Appellee.          )

Submitted: March 3, 2023
Decided: June 12, 2023

## MEMORANDUM OPINION

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

Lavern C. Washington, *pro se*.  Appellant.

Victoria E. Groff, Esquire, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorney for Appellee Delaware Unemployment Insurance Appeal Board.*

Victoria W. Counihan, Esquire, DEPARTMENT OF JUSTICE, Wilmington, Delaware.  *Attorney for Appellee Delaware Division of Unemployment Insurance.*

**BUTLER, R.J.**

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("Board") denying Appellant Lavern C. Washington's ("Washington") petition for eligibility. After considering Washington's Opening Brief,[1] the Board's letter in lieu of answering brief,[2] the Delaware Division of Unemployment Insurance's ("Division") letter in lieu of answering brief,[3] Washington's Reply Brief,[4] and the record, the Court concludes the Board's decision must be **AFFIRMED.**

## BACKGROUND

### I. The Determination

Washington filed his initial claim for unemployment insurance benefits shortly after the onset of the COVID pandemic, in March 2020.[5] He was separated from his employer, the Colonial School District.[6] At the time, Washington was also employed as an Adjunct Professor for the University of Delaware.[7] In applying for unemployment benefits, Washington did not reveal that he continued to receive wages from the University of Delaware.[8] He received regular

---

[1] Appellant's Opening Br., D.I. 15. [hereinafter "Appellant's Opening Br."].
[2] Board's Ans., D.I. 17.
[3] Division's Ans., D.I. 16. Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.
[4] Appellant's Reply Br., D.I. 19. [hereinafter "Appellant's Reply Br."].
[5] Notice of Determination, R. 1.
[6] *Id.*
[7] *Id.*
[8] *Id.*

unemployment benefits from April 2020 through September 2020, and Pandemic Emergency Unemployment Compensation ("PEUC") benefits[9] from October 2020 through June 2021.[10]

When filing his claim, Washington certified that he had familiarized himself with the Claimant Handbook, which explains that a claimant must accurately report all earnings.[11] Washington certified under penalty of perjury that the statements made in connection with his claim were true to the best of his knowledge and belief.[12] The University of Delaware reported he earned $2,653.82 during the relevant period.[13] Washington reported $0.00 in wages earned.[14]

In October 2021, the Division mailed Washington a Notice of Determination.[15] The Determination ruled Washington was disqualified for receipt of benefits pursuant to 19 *Del. C.* § 3314(6), due to fraud for failing to accurately

---

[9] *See Pandemic Emergency Unemployment Compensation (PEUC) FAQs*, Delaware Department of Labor, https://labor.delaware.gov/divisions/unemployment-insurance/unemployment-benefits-faqs/ (last visited May 16, 2023) ("PEUC provides up to 13 weeks of additional unemployment benefits to individuals who have exhausted all rights to regular unemployment insurance benefits under Delaware law or federal law and have no entitlement to regular unemployment insurance benefits under any other state's unemployment insurance law.").

[10] Notice of Determination, R. 1.

[11] *Id.* at R. 2.

[12] *Id.*

[13] *Id.* at R. 1.

[14] *Id.* at R. 2.

[15] *Id.*

report earnings for the weeks ending July 4, 2020, through July 25, 2020, and from June 19, 2021, through June 26, 2021.[16]

## II. The Referee's Decision

Washington appealed the Determination to the Division.[17]  The Division held a telephonic hearing, at which an Appeals Referee ("Referee") considered the appeal *de novo*.[18]  During the hearing, the Department of Labor ("DOL") clarified that Washington fraudulently reported $0.00 in wages for four weeks and fraudulently underreported his earnings in two weeks.[19]

Washington testified that he never intended to defraud or understate his wages to the DOL, but he was following instructions given to him by some unidentified agent of the DOL with whom he consulted.[20]  He then submitted a FEMA "Lost Wages Assistance Overpayment Waiver Authority Fact Sheet,"

---

[16] *Id.* at R. 1–2.  Under § 3314(6), a claimant who knowingly commits fraud shall be disqualified for a period of one year. 19 *Del. C.* § 3314(6).

[17] Notice of Referee's Appeal, R. 3.

[18] *See* Referee's Hr'g Tr., R. 7–58.

[19] *Id.* at R. 25–27 at 19:17–21:5; Agency Ex. 5, R. 79. Earnings reported by the University of Delaware and Washington were as follows:

| Week Ending: | University Reported: | Washington Reported: |
| --- | --- | --- |
| July 4, 2020 | $557.80 | $0.00 |
| July 11, 2020 | $557.80 | $0.00 |
| July 18, 2020 | $557.80 | $0.00 |
| July 25, 2020 | $223.12 | $0.00 |
| July 19, 2021 | $378.65 | $230.00 |
| July 26, 2021 | $378.65 | $300.00 |

Notice of Referee's Decision, R. 60.

[20] Referee's Hr'g Tr., R. 29 at 23:9–13; R. 31 at 25:6–22.

which he found on the internet and stated the unidentified agent told him it might excuse his underreporting of, or failure to report, wages.[21] Washington also claimed the unidentified agent told him the following: (1) he did not have to submit any information about earnings "if it did not match" his current salary to receive traditional unemployment benefits;[22] and (2) he could underreport his earnings for the weeks he was collecting PEUC.[23]

When asked if he read the Claimant Handbook, Washington stated he had not, but acknowledged he did sign the Certification Agreement indicating that he had read and familiarized himself with its contents.[24] The Handbook clearly states "gross wages must be reported when you request your weekly benefits . . . *in the week they were earned, not when you receive them.*"[25] It also contains a Fraud Liability Statement that says: "While receiving UI benefits, a person **must report all earnings or income for each week benefits are claimed.**"[26]

Following the hearing, the Referee upheld the Determination finding that Washington was disqualified from receiving unemployment benefits.[27] The Referee determined that Washington was aware of his obligation to report all

---

[21] *See* Claimant Ex. 1, R. 65–68.
[22] Referee's Hr'g Tr., R. 31 at 25:16–22; R. 32 at 26:16–24.
[23] *Id.* at R. 35–36 at 29:23–30:17.
[24] *Id.* at R. 40–42 at 34:8–36:2.
[25] Agency's Ex. 4, R. 75 (emphasis included in original).
[26] *Id.* at R. 76 (emphasis included in original).
[27] Notice of Referee's Decision, R. 60–64.

earnings when collecting unemployment benefits, failed to do so, and collected benefits to which he was not lawfully entitled.[28] Washington, therefore, was disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(6).

## III. The Board's Decision

On December 6, 2021, Washington appealed the Referee's decision to the Board.[29] The Board held a review hearing on February 23, 2022.[30] During the hearing, Washington argued he was not overpaid unemployment benefits, but actually underpaid.[31] He also testified that what he reported matched up with what he was earning at the time.[32] But the Division testified that the University of Delaware reported Washington's earnings, which did not match up with what Washington submitted with his claim for unemployment benefits.[33] Washington was also unable to provide a name for the unidentified agent.[34]

In March 2022, the Board affirmed the Referee's decision.[35] The Board concluded that Washington knowingly failed to disclose a material fact to the DOL by failing to report or underreporting his earnings.[36] Washington was, therefore,

---

[28] *Id.* at R. 61–62.
[29] Notice of Board Appeal, R. 80–83.
[30] *See* Board Hr'g Tr., R. 182–98.
[31] *Id.* at R. 187 at 6:13–21; R. 189–191 at 8:9–10:1.
[32] *Id.*
[33] *Id.* at R. 193 at 12:1–16.
[34] *Id.* at R. 188 at 7:5–20.
[35] *See* Notice of Board Decision, R. 199–204.
[36] *Id.* at R. 201.

disqualified from unemployment insurance benefits due to fraud.[37]   He timely

appealed to this Court.[38]

**STANDARD OF REVIEW**

The Superior Court plays a limited role when reviewing a decision on appeal

from the Board.   Factual findings, "if supported by evidence . . . shall be

conclusive and the Court shall be confined to questions of law."[39]   The Court is

limited to an evaluation of the record "to determine only and whether or not there

was substantial evidence to support the findings of the Board."[40]   Substantial

evidence "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."[41]   The Court will not address issues of

credibility or independently weigh the evidence presented to the Board.[42]

Conclusions of law are reviewed *de novo*.[43]   The Court will review the

Board's discretionary rulings for abuse of discretion.[44]   Only if the Board "acts

---

[37] *Id.* at R. 200.

[38] *See* Washington's Notice of Appeal, R. 205–10.

[39] 19 *Del. C.* § 3323(a).

[40] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).

[41] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[42] *Unemployment Ins. Appeal Bd. V. Div. of Unemployment Ins.*, 803 A.2d 931, 937 (Del. 2002) ("Questions of credibility are exclusively within the province of the Board which heard the evidence. As an appellate court, it [is] not within the province of the Superior Court to weigh the evidence, determine questions of credibility or make its own factual findings.").

[43] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

[44] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice" will the Court overturn the ruling.[45]

## ANALYSIS

Washington asserts the following grounds as the basis for his appeal: (1) the record contains proof of his reported earnings; (2) the DOL misinformed the Board; and (3) he is owed 11 weeks of back unemployment claims.[46]

### I. The Board did not err in disqualifying Washington for unemployment benefits.

#### 1. There is clear and convincing evidence that Washington knowingly misrepresented his earnings.

To be disqualified from traditional unemployment and PEUC benefits, an individual must knowingly make a false statement or representation to obtain those benefits.[47] Because this issue is based on fraud, the burden of proof is "clear and convincing" evidence, "which is more stringent than a mere 'more likely than not' burden, yet less than 'beyond a reasonable doubt.'"[48]

Washington admitted to receiving unemployment benefits in the past and being aware of the obligation to report wages each week benefits are sought.[49] He

---

[45] *Oceanport Indus.*, 636 A.2d at 899 (citing *Olney* 425 A.2d at 614).
[46] *See* Washington's Notice of Appeal, R. 205.
[47] *See* 19 *Del. C.* § 3314(6); 15 U.S.C. § 9025.
[48] *Johnson v. TMSI*, 2008 WL 3271162, at *2 (July 30, 2008).
[49] Referee's Hr'g Tr., R. 42–44 at 36:3–38:21.

also signed an acknowledgment that he read and familiarized himself with the Claimant Handbook.[50]  The Handbook explains that claimants must report wages in the week they are earned.[51]  Yet, Washington knowingly claimed he earned $0.00 for four weeks in which he indeed earned wages, and underreported his wages in two other weeks.  These were false statements.

Washington claims he did not intend to commit fraud and he was told by an unidentified agent to underreport his earnings during the pandemic.[52]  But the Board found his explanation lacked credibility.[53]  The Court must defer to that determination.[54]  Moreover, the Claimant Handbook is clear and unambiguous.[55]  Accordingly, the Court cannot disturb the Board's finding that Washington knowingly failed to disclose a material fact to the DOL.

### 2. The Board committed harmless error by failing to reference the federal standard for disqualification from PEUC benefits.

Washington received four weeks of traditional unemployment benefits[56] and two weeks of PEUC benefits.[57]  Disqualification due to fraud for traditional

---

[50] *Id.*, R. 40–42 at 34:8–36:2.

[51] *Id.*,

[52] Appellant's Opening Br. at 1; Referee's Hr'g Tr., R. 31 at 25:16–22; R. 35–36 at 29:23–30:17.

[53] Notice of Board Decision, R. 201.

[54] *See supra* Standard of Review.

[55] Agency's Ex. 4, R. 75–76.

[56] From the week ending July 4, 2020 to the week ending July 25, 2020. *See* Notice of Board Decision, R. at 199–201.

[57] From the week ending June 19, 2021, to the week ending June 26, 2021. *See id.*

unemployment is governed by 19 *Del. C.* § 3314(6), while disqualification due to fraud for receipt of PEUC benefits—a federally provided pandemic extension of benefits—is governed by 15 U.S.C. § 9025. The Board did not reference the federal PEUC standard in reaching its decision to disqualify Washington for benefits.

The state and federal statutes are substantially the same. For both traditional unemployment and PEUC, the applicant is forbidden to knowingly make a false statement or representation to obtain benefits.[58] Applicants who make such a false statement or representation are disqualified from traditional unemployment for one year.[59] The same one-year disqualification is applicable to PEUC benefits through

---

[58] *Compare* 19 *Del. C.* § 3314(6) (" [An] individual has *made a false statement or representation knowing it to be false or knowingly has failed to disclose a material fact* to obtain benefits to which the individual is not lawfully entitled. . .") (emphasis added) *with* 15 U.S.C. § 9025 ("[A]n individual *knowingly has made*, or caused to be made by another, *a false statement or representation of a material fact, or knowingly has failed*, or caused another to fail, *to disclose a material fact*, and as a result of such false statement or representation or of such nondisclosure such individual has received an amount of pandemic emergency unemployment compensation under this section to which such individual was not entitled. . .") (emphasis added).

[59] 19 *Del. C.* § 3314(6) ("[S]uch disqualification shall be for a period of 1 year beginning with the date on which the first false statement, false representation or failure to disclose a material fact occurred. A disqualification issued pursuant to this subsection shall be considered a disqualification due to fraud.").

the CARES Act.[60]  So the Board's failure to reference the federal PEUC standard is harmless error.

## II.  The Court will not consider facts raised for the first time on appeal.

Washington contends that he overreported his earnings for the week ending June 12, 2021, which refutes the argument that he did not report any earnings during the time he received unemployment benefits.[61]  But this information was not part of the record before the Board, and the week of June 12, 2021 is not at issue in this matter.

As mentioned, the Superior Court is limited to a consideration of the record that was before the administrative agency.[62]  "[A] claimant, appealing the decision of the Board, may not supplement the record with facts not previously raised."[63] The Court cannot now consider facts not before the Board in reviewing the Board's decision.

## CONCLUSION

---

[60] CARES Act, Pub. L. No. 116-136 § 2107(e) (Mar. 27, 2020) (If an individual has committed fraud, he shall be ineligible for further PEUC "in accordance with the provisions of the applicable State unemployment compensation law relating to fraud in connection with a claim for unemployment compensation[.]").

[61] Appellant's Opening Br., D.I. 15 at 1–2.

[62] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).

[63] *Bossert v. Div. of Unemployment Ins.*, 2022 WL 17249305, at *3 (Del. Super. Nov. 22, 2022) (citing *Torres v. MOT Charter Sch.*, 2022 WL 1584508, at *2 (Del. Super. May 19, 2022)).

The Court finds there is substantial evidence to support the Board's finding that Washington is disqualified from receiving unemployment benefits due to fraud. The Board's decision is well-supported by the Delaware Code and the Record. For the foregoing reasons, the decision of the Board is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

12