PAUL FILANOWSKI, Petitioner/Appellee Below-Appellant,
v.
PORT CONTRACTORS, INC. and THE UNEMPLOYMENT INSURANCE APPEAL BOARD, Respondents/Appellants Below-Appellees.
No. 39, 2007.
Supreme Court of Delaware.
Submitted: June 8, 2007.
Decided: August 2, 2007.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 2nd day of August 2007, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Paul Filanowski, filed an appeal from the Superior Court's January 2, 2007 decision and order affirming the decision of the Delaware Unemployment Insurance Appeal Board ("UIAB" or "Board"), which denied him unemployment benefits. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In its January 2, 2007 decision, the Superior Court agreed with the Board that Filanowski had been terminated for just cause because he knew of the company policy that all injuries must be reported to the employee's supervisor and nevertheless violated that policy.[1] The Superior Court noted that Filanowski acknowledged receiving a company handbook, which contained the written policy, and had previously been given a final warning after damaging company property and was aware that any further violation of company policy would result in his termination. In addition, the Superior Court agreed with the Board that Filanowski received proper notice of the hearing date because the Board mailed the notice of hearing to the same address where Filanowski always received his mail.[2] Finally, the Superior Court determined that the Board was within its discretion to receive evidence that had not been presented previously.[3]
(3) In this appeal, Filanowski claims that the Superior Court erred and abused its discretion by a) affirming the Board's finding that he had failed to report a workplace injury and, therefore, had been fired with just cause; b) affirming the Board's finding that he had been properly notified of the hearing and that, therefore, there was no due process violation; c) determining that the Board had based its decision on substantial evidence in the record; and d) determining that "new evidence" concerning his firing was properly introduced at the Board hearing.
(4) The findings of the UIAB as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.[4] The sole function of the reviewing courts on appeal from the UIAB is to determine whether or not there was substantial competent evidence to support its findings and, if so, to affirm those findings.[5]
(5) We have given careful consideration to the transcript of the UIAB hearing, the Superior Court's decision affirming the UIAB, as well as the arguments presented by Filanowski. We conclude that the Board's decision contained no legal error and was supported by substantial evidence in the record. We, therefore, conclude that the Superior Court correctly affirmed the Board's decision.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED on the basis of the Superior Court's January 2, 2007 decision and order.
NOTES
[1] Avon Products, Inc. v. Wilson, 513 A.2d 1315, 1317 (Del. 1986).
[2] Jackson v. Unemployment Insurance Appeal Board, 1986 WL 11546 (Del. Super. 1986).
[3] Goldsmith v. Unemployment Insurance Appeal Board, 1982 WL 591942 (Del. Super. 1982).
[4] Del. Code Ann. tit. 19, § 3323(a); Unemployment Insurance Appeal Board v. Division of Unemployment Insurance, 803 A.2d 931, 936 (Del. 2002).
[5] Id.