# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERYL JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N19A-08-004 ALR |
| | ) | |
| FIRST STATE STAFFING | ) | |
| SOLUTIONS and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: January 10, 2020
Decided: February 6, 2020

*On Appeal from the Unemployment Insurance Appeal Board*
**REVERSED and REMANDED**

**MEMORANDUM OPINION**

Sheryl Johnson, Appellant.

Monica Townsend, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board.

**Rocanelli, J.**

This is an appeal by Sheryl Johnson ("Appellant") from a decision ("2019 Decision") of the Unemployment Insurance Appeal Board ("Board") issued on remand from the Superior Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant began working for First State Staffing Solutions ("Employer") as a substitute paraprofessional in August 2017. Employer is a temporary staffing agency. Appellant was hired as a temporary employee working on an "as needed" basis. There is a dispute as to whether Appellant voluntarily quit her job.

Appellant filed a claim for unemployment insurance benefits sometime after Employer stopped sending Appellant work assignments. A Claims Deputy and an Appeals Referee issued separate decisions finding Appellant to be disqualified from receiving benefits, and Appellant appealed the Appeals Referee's decision to the Board. Following a hearing at which the parties presented evidence, the Board issued a decision affirming the decision of the Appeals Referee ("Disqualification Decision"). The Board found Appellant to be disqualified from receiving benefits because, according to the Board, Appellant had voluntarily quit her job.[1] Appellant then filed her first appeal to this Court.

---

[1] The Board based its decision, in part, on the decision of the Appeals Referee who found that Appellant had failed to show that Appellant had good cause to quit. *See* R. at 154 ("The Board finds no error in the Referee's Decision and adopts it as its own. The Board agrees with the Referee's conclusion that [Appellant] failed to meet her burden under Delaware law to show that there was good cause to quit.").

1

By opinion dated July 16, 2019, this Court reversed the Board's Disqualification Decision and remanded the case to the Board for further proceedings.[2] This Court found that the Board did not apply the appropriate statute and that, under the correct statute, the Board's Disqualification Decision was not supported by substantial evidence.[3]

On July 26, 2019, the Board mailed a notice to Appellant which stated that the Board would hear Appellant's case on August 14, 2019, at 9:20 AM.[4] The notice directed Appellant to arrive at least 15 minutes before the scheduled start time and advised Appellant that failure to arrive on time could result in a dismissal.[5]

On August 14, 2019, the Board issued its 2019 Decision which states, in its entirety, that "[t]he case was dismissed because [Appellant] or the employer failed to appear."[6] Appellant claims that she arrived to the hearing between 13 and 15 minutes late because she was traveling from New Castle, Delaware; there was low visibility on the roads due to heavy rain and fog; and "trucks were driving very slow."[7] Appellant claims that when she arrived at the hearing, an officer of the Board

---

[2] *See id.* at 169–89.
[3] *See id.* at 181–89.
[4] *See id.* at 190.
[5] *See id.*
[6] *Id.* at 192.
[7] *See id.* at 195–96.

told Appellant that the Board had dismissed her case and that Employer had failed to appear.[8]

The Board did not attach to the 2019 Decision a notice of Appellant's rights to appeal the decision to this Court or to request a rehearing before the Board.[9] Nevertheless, Appellant timely appealed the 2019 Decision to this Court on August 21, 2019, arguing that the Board (1) improperly found Appellant to be disqualified from receiving benefits and (2) improperly dismissed Appellant's case when she arrived late to the August 14, 2019 hearing.[10] In response, the Board argues that this Court lacks jurisdiction to hear the appeal on its merits because Appellant failed to exhaust her administrative remedies and that the Board did not abuse its discretion when it dismissed Appellant's case.[11]

## LEGAL STANDARD

On appeal from a Board decision, the Court's review is limited to determining whether the Board's factual findings are supported by substantial evidence in the record and whether the decision is free from legal error.[12] Substantial evidence is

---

[8] *Id.* at 196.
[9] *See id.* at 192.
[10] *See id.* at 195–96; Johnson Letter 1–2, Dec. 17, 2019.
[11] Del. Unemployment Ins. Appeal Bd. Letter 2–3, Dec. 18, 2019.
[12] 19 *Del. C.* § 3323(a) ("In any judicial proceeding under [§ 3323], the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."); *see also Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309–10 (Del. 1975).

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[13] The Court does not weigh evidence, determine questions of credibility, or make findings of fact.[14] Questions of law are reviewed *de novo*.[15] Absent an abuse of discretion, a Board decision that is without legal error and supported by substantial evidence will be affirmed.[16] The Court "will not intrude on [the Board's] role as trier of fact by disturbing the [Board's] credibility determinations or factual findings."[17] The Court, however, may find an abuse of discretion when the Board's decision "exceeds the bounds of reason given the circumstances, or where rules of law or practice have been ignored so as to produce injustice."[18]

---

[13] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015).

[14] *See Anchor Motor Freight, Inc. v. Unemployment Ins. Appeal Bd.*, 325 A.2d 374, 375 (Del. Super. 1974).

[15] *Potter v. Del. Dep't of Corr.*, 2013 WL 6035723, at *2 (Del. Nov. 13, 2013).

[16] *Filanowski v. Port Contractors, Inc.*, 2007 WL 2229019, at *1 (Del. Aug. 2, 2007) ("The findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[17] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super. Jan. 23, 2009).

[18] *Peregoy v. Del. Hospice*, 2011 WL 3812246, at *1 (Del. Super. Aug. 12, 2011) (quoting *Bolden v. Kraft Foods*, 2005 WL 3526324, at *2 (Del. Super. Dec. 21, 2005)); *see also Slater v. J.C. Penny Inc.*, 2012 WL 2905303, at *3 (Del. Super. July 17, 2012) ("The Board abuses its discretion when its decision is clearly based on unreasonable grounds or produces injustice that defies sanctioned rules of law or practice."); *Hefley v. Unemployment Ins. Appeals Bd.*, 2009 WL 5177136, *1 (Del. Super. July 17, 2009).

**DISCUSSION**

This Court's authority to review the Board's findings is limited to cases where an appellant has exhausted all administrative remedies.[19] An appellant has not exhausted all administrative remedies when the Board has dismissed the case based on a party's failure to appear at a Board hearing.[20] It is undisputed that the Board dismissed Appellant's case based on a failure to appear at the August 14, 2019 hearing. Accordingly, this Court's review is limited to the issue of whether the dismissal constituted an abuse of the Board's discretion.[21]

The Board has broad powers to review an Appeals Referee's decision,[22] and its review powers are expanded by 19 *Del. C.* § 3321(a), which permits the Board to prescribe regulations "for determining the rights of the parties" who come before it.[23] Pursuant to its Section 3321(a) authority, the Board promulgated Regulation

---

[19] *See Cornell v. Candle Light Bridal*, 2015 WL 2395841, at *3 (Del. Super. Apr. 17, 2015).

[20] *See Matthews v. Don-Lee Margin Corp.*, 2015 WL 4719837, at *2 (Del. Super. Aug. 5, 2015) ("Where an appellant fails to appear before the [Board], that appellant has failed to exhaust all administrative remedies.").

[21] *See Archambault v. McDonald's Rest.*, 1999 WL 1611337, at *1–2 (Del. Super. Mar. 22, 1999) (reviewing the Board's decision to dismiss a claimant's case for failure to appear under an abuse of discretion standard).

[22] *See Cornell*, 2015 WL 2395841, at *3 (citing *Tesla Indus., Inc. v. Bhatt*, 2007 WL 2028460, at *2 (Del. Super. June 28, 2007)); *see also* 19 *Del. C.* § 3320(a).

[23] 19 *Del. C.* § 3321(a) ("The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the [Board] for determining the rights of the parties, whether or not such regulations conform to common-law or statutory rules of evidence and other technical rules of procedure."); *accord Cornell*, 2015 WL 2395841, at *3 ("[The

4.2, which gives the Board discretion to dismiss a case when the party appealing to the Board "fail[s] to appear within 10 minutes of the time indicated on the Notice [of Hearing]."[24]

This Court has repeatedly affirmed decisions of the Board to dismiss appeals of an Appeals Referee's decision based on the appellant's failure to timely appear without a valid excuse.[25] In doing so, this Court has emphasized "the importance of allowing administrative boards to enforce their rules . . . in order that they may efficiently manage and dispose of cases before them."[26] However, the important goal of timely and efficient dispositions must be balanced against Delaware's strong public policy in favor of decisions on the merits.[27] Moreover, administrative proceedings must satisfy due process by adhering to "rudimentary requirements of

---

Board's] review powers are further increased by 19 *Del. C.* § 3321 (a), which allows the [Board] to enact regulations governing its hearing procedures.").

[24] 19 Del. Admin. C. § 1201-4.2 ("Failure to appear within 10 minutes of the time indicated on the Notice may result in the Board hearing the appeal in absence of the delinquent party or, if the delinquent party is the appellant, dismissal of the appeal.").

[25] *See, e.g.*, *Matthews*, 2015 WL 4719837, at *2–3; *Cornell*, 2015 WL 2395841, at *3–4; *Peregoy*, 2011 WL 3812246, at *2; *Tesla*, 2007 WL 2028460, at *2–4.

[26] *Peregoy*, 2011 WL 3812246, at *2; *see also Tesla*, 2007 WL 2028460, at *4 ("[T]he Court must uphold the Board's discretionary decision to efficiently administer its caseload by dismissing [the appellant's] appeal and denying [the appellant's] request for a rehearing.").

[27] *See Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001) ("[T]he important goal of timely adjudications must be balanced against the strong policy in favor of decisions on the merits.").

6

fair play."[28]  Due process "is not a technical notion with a fixed content unrelated to time, place, and circumstances; rather it is a flexible concept which calls for such procedural protections as the situation demands."[29]  Accordingly, the Board abuses its discretion when its decision "exceeds the bounds of reason given the circumstances, or where rules of law or practice have been ignored so as to produce injustice."[30]

The circumstances surrounding the 2019 Decision are especially important in this case.  First, the Board issued the 2019 Decision on remand from a decision of this Court which found the Board's Disqualification Decision to be based on improper conclusions of law and factual findings that were not supported by sufficient evidence.[31]  By dismissing Appellant's case solely on technical grounds, the Board permitted the erroneous decision of the Appeals Referee, on which the Board based its Disqualification Decision,[32] to stand despite clear instructions from this Court to the contrary.

---

[28] *Bethel v. Bd. of Educ. of the Capital Sch. Dist.*, 2009 WL 4545208, *4 (Del. Dec. 4, 2009) (quoting *XComp, Inc. v. Ropp*, 2002 WL 1753168, at *2 (Del. Ch. July 19, 2002)).

[29] *Vincent v. E. Shore Mkts.*, 970 A.2d 160, 164 (Del. 2009).

[30] *Peregoy*, 2011 WL 3812246, at *2.

[31] *See* R. at 181–89.

[32] *See* R. at 154 ("The Board finds no error in the Referee's Decision and adopts it as its own.").

7

Second, while the Board now claims that it properly dismissed Appellant's case pursuant to Regulation 4.2, the Board provides no record of the proceeding at which Appellant allegedly failed to appear. In the cases where this Court has deferred to the Board's authority to dismiss claims pursuant to Regulation 4.2, the Court has examined the record from the proceeding below to determine whether the Board complied with its own regulation. Specifically, this Court has reviewed the record from the Board's hearing to confirm that the Board actually provided the claimant with the 10-minute grace period prescribed by the Board's regulation.[33] In the absence of such a record, the Court cannot determine whether the Board's dismissal was appropriate.[34] "It is the [] Board's responsibility to provide a record that is adequate for the purpose of judicial review."[35]

---

[33] *See Matthews*, 2015 WL 4719837, at *2 (noting that the Board "waited until 1:32 PM before entertaining a motion to dismiss the appeal"); *Cornell*, 2015 WL 2395841, at *2 (noting that the Board did not dismiss a claimant's case until "10:54 AM, after waiting for [the claimant] to arrive for approximately 14 minutes"); *Tesla*, 2007 WL 2028460, at *2 ("[T]he record reflects that [the appellant's] appeal hearing was scheduled to begin at 9:20 a.m. but by 9:36 a.m. [the appellant] was still not present.").

[34] *See Rose v. Tri State D.C.P.*, 1987 WL 14886, at *2 (Del. Super. June 23, 1987) (remanding to the Board because the Board provided an inadequate record for review).

[35] *Id.* at *1; *see also* 19 *Del. C.* § 3323(a) ("With its answer the [Board] shall certify and file with the Court *all* documents and papers and a transcript of all testimony taken in the matter together with the [Board's] findings of fact and decision therein." (emphasis added)); 19 *Del. C.* § 3321(b) ("A full and complete record shall be kept of all proceedings in connection with a disputed claim. All testimony at any hearing upon a disputed claim shall be recorded but need not be transcribed unless the disputed claim is further appealed.").

Finally, when the Board issued the 2019 Decision, it failed to notify Appellant of both her right to appeal to this Court, as is required by the Board's own regulations,[36] and her right to request a rehearing before the Board. While the Board's decision on a motion for rehearing is discretionary, a claimant nevertheless has the right to file a request which may include an explanation for why the claimant failed to timely appear.[37]

In reviewing the Board's 2019 Decision, the Court considers the record as a whole and in light of the leniency that Delaware courts may give to self-represented parties.[38] Appellant has navigated this case without the assistance of counsel. By

---

[36] *See* 19 Del. Admin. C. § 1201-6.4 ("Final decisions shall be accompanied by a notice of the right to appeal the Board's decision to Superior Court pursuant to 19 *Del. C.* § 3323.").

[37] *See* 19 Del. Admin. C. § 1201-7.0 ("At any time subsequent to a Board decision but prior to the Board's decision becoming final, any party to the appeal may request by motion, with notice to all parties, a rehearing before to Board. The motion shall set forth briefly and distinctly the grounds for the motion."); 19 *Del. C.* § 3321(a) ("The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the [Board] for determining the *rights* of the parties . . . ." (emphasis added)). If the Board denies the claimant's request, this Court retains jurisdiction of the appeal to determine whether the Board's denial amounted to an abuse of discretion by applying an "excusable neglect" standard. *See Tesla*, 2007 WL 2028460, at *2 (explaining that the party appealing the Board's denial of a request for rehearing "must show that it acted with excusable neglect when it failed to appear before the Board"). On the other hand, where, as here, a claimant does not request a rehearing, this Court's review is limited to whether the Board's dismissal alone constituted an abuse of discretion. *See Archambault*, 1999 WL 1611337, at *1–2.

[38] *See Forst v. Wooters*, 1993 WL 370865, at *1 (Del. Sept. 9, 1993) ("While we recognize that some degree of leniency should be granted for *pro se* appeals, at a minimum, briefs must be adequate so that this Court may conduct a meaningful

dismissing Appellant's case based on a technical default, the Board effectively permitted the Appeals Referee's decision to govern Appellant's benefits claim despite this Court's finding that the decision was based on inapplicable law and insufficient facts. Moreover, while the Board claims that it had authority to dismiss the case pursuant to a duly promulgated regulation, the Board has provided no record showing that the requirements for dismissal had been met. Finally, the Board failed to apprise Appellant of her right to appeal the 2019 Decision to this Court, in violation of the Board's own regulations, and her right to explain her absence through a request for rehearing. Under these circumstances, and in light of Delaware's strong policy favoring decisions on the merits, the Court finds that the Board abused its discretion by summarily dismissing Appellant's case. Accordingly, justice requires remand to the Board for consideration of the merits of Appellant's case.

## CONCLUSION

Under the particular facts and circumstances of this case, dismissal of Appellant's case for failure to appear at a hearing before the Board constituted an

---

review of the merits of appellants' claim."); *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Jan. 28, 2002) ("[T]he Court may grant *pro se* litigants some accommodations that do not affect the substantive rights of those parties involved in the case at bar.").

abuse of discretion. Accordingly, the Board's 2019 Decision is hereby **REVERSED** and the matter is **REMANDED** with the following instructions:

1. The Board shall conduct a hearing on Appellant's claim to consider evidence relevant to Appellant's qualification for unemployment insurance benefits, consistent with this Court's July 16, 2019 opinion; and

2. The Board shall issue a decision as to Appellant's qualification for unemployment benefits, applying the appropriate statutory provisions, consistent with this Court's July 16, 2019 opinion.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

11