IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ARTHUR GREEN,          )
         )
   Appellant,        )
         )
         )
     v.         )   C.A. No. N23A-03-002 CEB
         )
UNEMPLOYMENT INSURANCE    )
APPEAL BOARD        )
         )
   Appellee.        )

Submitted:  October 20, 2023
Decided:  January 22, 2024

## ORDER

*Appeal from a Decision of the*
*Unemployment Insurance Appeal Board.*
**AFFIRMED.**

This 22nd day of January 2024, upon appeal from the Unemployment Insurance Appeal Board ("Board"), the parties' briefs, and the record below, it appears that:

1. On July 10, 2022, Green filed a claim for unemployment insurance benefits with the Department of Labor ("DOL").[1] The Senior Claims Deputy found

---

[1] Notice of Determination, R18.

1

Green ineligible for benefits because he failed to show "good cause"[2] as defined by 19 *Del. C.* § 3314(1) for leaving his employment.[3] The Senior Claims Deputy's Notice of Determination ("NOD") was mailed to Green on November 9, 2022.[4] Green timely appealed the Senior Claims Deputy's NOD on November 15, 2022.[5]

2.     On November 22, 2022, the Appeals Referee ("Referee") issued a Notice of Hearing, notifying Green that a hearing would be held on December 5, 2022, at 1:30 PM.[6] The Notice of Hearing advised Green that the hearing would be conducted by telephone and provided the telephone number for attending.[7]

3.     On December 5, 2022, Green failed to appear for the hearing before the Referee.[8] The Referee dismissed Green's appeal and affirmed the decision of the Claims Deputy.[9] The Referee held that "Despite being duly noticed, and the Referee waiting 15 minutes, the Claimant failed to call in to prosecute the case."[10] The Referee's Decision was mailed to Green on December 5, 2022.[11] The Referee's Decision advised Green that under 19 *Del. C.* § 3318, he could appeal the decision

---

[2] *Id.*
[3] *Id.; see* 19 *Del. C.* § 3314(1).
[4] Notice of Determination, R18.
[5] Green Notice to Appeal to Referee, R16.
[6] Notice of Referee's Hearing, R15.
[7] *Id.*
[8] Notice of Referee's Decision, R13.
[9] *Id.*
[10] *Id.*
[11] *Id.*

within ten days.  Green had until December 15 to file his appeal.  Green did file an appeal, but did so on December 29, 2022.[12]  He thus missed one hearing altogether and requested the second one after his time for doing so had lapsed.

4.     On January 18, 2023, the Board held a Review Hearing and affirmed the Referee's Decision, denying Green's application for further review.[13]  The Board found "no evidence of Departmental error that prevented Claimant from filing a timely appeal of the Referee's Decision."[14]  The Board further held that Green failed to provide "any evidence of any *severe* circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interests of justice."[15]  Finding no error in the Referee's Decision or evidence of circumstances necessitating the Board to exercise its discretion in the interests of justice, the Board declined to accept Green's appeal for further review.[16]  Green then timely appealed to the Superior Court.[17]

5.     The Superior Court plays a limited role in reviewing a decision on appeal from the Board.  The Court's review is limited to a determination of whether

---

[12] Green Appeal Request Notification to Board, R10.
[13] Notice of Board Decision, R5-6.
[14] *Id*. at 6.
[15] *Id*.
[16] *Id.* at 5-6.
[17] Green Notice of Appeal to Superior Ct., R1-4; *see also* Notice of Appeal, Trans. ID 69274207 (Mar. 6, 2023).

the Board's decision is supported by substantial evidence and free from legal error.[18] "'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19] The Court will not address issues of credibility or independently weigh the evidence presented to the Board.[20] Conclusions of law are reviewed *de novo*.[21] The Board's discretionary rulings are reviewed for abuse of discretion.[22] The Board has abused its discretion only when its decision "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[23]

6.      On the relevant dates, 19 *Del. C.* § 3318(c), a claimant had ten days from the date of mailing to appeal a decision of an appeals tribunal.[24] The time for

---

[18] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960); *Tsakiris v. J.P. Morgan*, 2017 WL 1532610, at *2 (Del. Super. Apr. 26, 2017); *Arrants v. Home Depot*, 65 A.3d 601, 604-05 (Del. 2013); *Unemployment Ins. Appeal Bd. v Duncan*, 337 A.2d 308, 309 (Del. 1975).

[19] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (*citing Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[20] *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 937 (Del. 2002) ("Questions of credibility are exclusively within the province of the Board which heard the evidence. As an appellate court, it [is] not within the province of the Superior Court to weigh the evidence, determine questions of credibility or make its own factual findings.").

[21] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

[22] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).

[23] *McIntyre v. Unemployment Ins. Appeal Bd.*, 2008 WL 1886342, at *1 (Del. Super. Apr. 29, 2008) *aff'd*, 962 A.2d 917 (Del. 2008) (TABLE) (*quoting Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).

[24] Effective October 1, 2023, 19 *Del. C.* § 3318(c) was amended to give claimants 15 days to file an appeal. *See* Del. H.B. 176, 152d Gen. Assem. § 3318 (2023).

4

appealing a Referee's decision "is an express statutory condition of jurisdiction that is both mandatory and dispositive."[25] Unless the delay is caused by an administrative error, a claimant's failure to meet the statutory deadline will jurisdictionally bar the Board from accepting appellate review.[26]

7. Green argues that the Board improperly denied his appeal request.[27] Green claims that he followed proper procedures and states "On December 15, 2022 [u]nemployment received the papers."[28] However, the Board found that Green's appeal request was not filed until December 29, 2022, therefore making it untimely. The Court must defer to the Board's determination. Green has not provided any evidence to support his contention that his appeal request was timely filed. Further, there is no evidence to suggest an error or wrongdoing occurred. Accordingly, the Court finds there was substantial evidence that Green did not file his appeal to the Board in a timely manner.

8. Pursuant to 19 *Del. C.* § 3320(a), the Board has broad discretion to consider an appeal and may, "on its own motion, affirm, modify, or reverse any decision of an appeal tribunal."[29] However, in regard to "untimely appeals, such

---

[25] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003).
[26] *Chrysler Corp v. Dillon*, 327 A.2d 604, 605 (Del. 1974); *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004).
[27] Green's Reply Br., Trans. ID 71112169 (Oct. 17, 2023).
[28] *Id.*
[29] 19 *Del. C.* § 3320(a).

discretion is exercised rarely and primarily in cases of *administrative error* that has the effect of depriving a claimant the opportunity to file a timely appeal."[30]

9.    In this case, the Board declined to exercise its discretion to hear Green's appeal on the merits because Green failed to provide "any evidence of any severe circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interests of justice."[31]

10.    The Court finds that the Board's decision to affirm the Referee's decision is supported by substantial evidence and free from legal error.  The Court also finds that the Board did not abuse its discretion when it declined to accept the appeal for review.

Therefore, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

[30] *Hefley v. Unemployment Ins. Appeal Bd*., 2010 WL 376898, at *2 (Del. Jan. 26, 2010) (citing *Funk*, 591 A.2d at 225 (emphasis added)).
[31] Notice of Board Decision, R6.